**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7352**

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

    v.

GARY DEBENEDETTO,

        Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:14-hc-02172-BR)

Submitted: December 15, 2015     Decided: December 18, 2015

Before GREGORY and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Gary Debenedetto, Appellant Pro Se. Jennifer Dee Dannels, FMC BUTNER FEDERAL MEDICAL CENTER, Butner, North Carolina, Jennifer P. May-Parker, Assistant United States Attorney, Thomas Gray Walker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Debenedetto seeks to appeal the district court's order civilly committing him to the care and custody of the Attorney General under 18 U.S.C. § 4246 (2012). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007); see 18 U.S.C. §§ 4241-47 (2012) (setting forth procedures for involuntary civil commitment of federal detainees).

The district court's order was entered on the docket on November 6, 2014. The notice of appeal was filed on August 20, 2015.* Because Debenedetto failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

period, we dismiss the appeal.  We deny Debenedetto's motion for bail or release pending appeal and petition for a writ of mandamus and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED